# UNITED STATES FEDERAL DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| MARGARET FOWLER | : |
| Plaintiff, | : |
| | Case No.: |
| v. | : Judge |
| THE GOVERNMENT OF THE DISTRICT OF COLUMBIA | : : |
| AND | : |
| THE ALCHOLIC BEVERAGE REGULATION ADMINSTRATION | : : |
| Defendants. | : |

## COMPLAINT

Plaintiff Margaret Fowler ("Ms. Fowler" or "Plaintiff"), by and through her undersigned counsel, Charles Tucker Jr., Esquire, through the TUCKER MOORE GROUP LLP, seeks damages relating to disparate treatment in a hostile work environment and age discrimination against the Defendants, the Government of the District of Columbia ("Defendant") and the Alcoholic Beverage Regulation Administration ("ABRA" or "Defendant ABRA"). Plaintiff alleges as follows:

## I. NATURE OF THE ACTION

1. This lawsuit concerns the Defendants disparate treatment that subjected a 63-year-old woman, who has been employed by the Defendant for over 30 years, to age discrimination and a hostile work environment.

## II. PARTIES

2. Plaintiff is a resident of the District of Columbia and a citizen of the United States. Upon information and belief, and most of the time relevant to this Complaint, Plaintiff was employed by the Alcoholic Beverage Regulation Administration (ABRA).

3. Defendant District of Columbia is the Seat of the Government of the United States and a municipal corporation organized under the Constitution and laws of the United States.

4. Defendant Alcoholic Beverage Regulation Administration is a government agency that issues and maintains all licenses associated with the sale or service of wine, beer, and liquor within the District of Columbia. Defendant ABRA was the Plaintiff's employer during the time relevant to this action.

## III. JURISDICTION

5. This action arises under the United States Constitution and the laws of the District of Columbia. This claim may be brought to the United States Federal District Court for the District of Columbia Civil Division, pursuant to 28 U.S.C. §1331.

## IV. VENUE

6. Venue lies in the Federal District Court Civil Division, because the events, acts, and omissions giving rise to the Plaintiff's claims occurred within the District of Columbia. Venue is proper under 28 U.S.C. §1391. At all relevant times to the actions complained of herein, the Defendant ABRA conducted business within the District of Columbia.

## V. GENERAL ALLEGATIONS

7. Plaintiff is a 63-year-old, adult female who resides at 1013 Wahler Place, S.E., Washington, DC 20032.

8. Plaintiff has been employed with Defendant ABRA since August 17, 1987. Plaintiff holds the title of "Licensing Specialist" since March 1994, and she is a Grade 11 employee at ABRA.

9. On or about November 2016, Mr. Sean Gordy ("Mr. Gordy"), Licensing Program Manager at ABRA, and Supervisor to the Plaintiff, removed all of Plaintiff's files from her desk without giving her an explanation. This was not the first time Mr. Gordy has acted in this manner.

10. Mr. Gordy also requested that Ms. Kathy Kelly ("Ms. Kelly"), Plaintiff's Grade 11 counterpart and the Records Management Specialist, oversaw Plaintiff's files for no legitimate reason.

11. On November 3, 2016, the Department of Human Resources ("DCHR") received a request from ABRA for support on a special investigation involving Plaintiff, based on allegations of employee misconduct and insubordination, including but not limited to,

12. making threats, behaving in an unstable manner, and exhibiting caustic behavior towards Mr. Gordy.

12. Between November 21, 2016 and December 16, 2016, the Audit and Special Investigations (ASI) team met with several witnesses, including various members of the ABRA Licensing Division and ABRA management to discuss the grievance allegations.

13. On January 13, 2017, after a comprehensive investigation, ASI closed the case.

14. DCHR moved forward on a complaint sent to them by ABRA Director Fred Moosally ("Mr. Moosally"); however, Mr. Moosally failed to advise all parties investigating the complaint that Plaintiff filed a verbal complaint with him the very same day Mr. Gordy filed a complaint. Instead of Mr. Moosally alerting DCHR of this important fact, he only submitted Mr. Gordy's complaint.

15. On or about June 30, 2017, Plaintiff was placed on a Performance Improvement Plan ("PIP") for about 90-days for failure to meet the minimum requirements for her position.

16. Prior to being notified about her PIP, Plaintiff was never informed that her work ethic was below satisfactory. In fact, Plaintiff received a "3" on her performance rating during the periods of October 1, 2015 – September 30, 2016, which equated to a "Valued Performer."

17. In November 2017, Plaintiff was given the standard operating procedures for the previously mentioned period at issue. The procedures simply included how to address a file folder and process incoming work. There was no information provided that related to the minimum requirements that the Plaintiff allegedly failed to meet for her position.

18. The American Federation of State, County and Municipal Employees, AFL-CIO, Local 2743 believes that DCHR failed to properly investigate this matter and placed Plaintiff on a PIP inconsistent with the personnel regulations.

19. On September 1, 2017, the Union requested that all negative documents placed in Plaintiff's personnel folder are removed, and any leave used by Plaintiff in connection with this matter be restored.

20. Plaintiff filed an Equal Employment Opportunity Claim ("EEOC") on December 6, 2017. The EEOC dismissed the claim on December 8, 2017, and Plaintiff received her right to sue letter on December 19, 2017.

## VI. FIRST CLAIM OF RELIEF
(Title VII of the Civil Rights Act of 1964 - Hostile Work Environment)

21. The above paragraphs 1 – 20 are incorporated as if fully set forth herein.

22. Sometime in July 2016, Mr. Gordy had Ms. Kelly remove several files from Plaintiff's desk area. Upon information and belief there were 10 boxes of files that were removed, and Plaintiff received no advance notice of the removal.

23. As of this grievance, the files have not been returned. Plaintiff did not have the opportunity to properly document each file rendering her unable to know exactly which client files she had and how much work needed to be done to complete the file and populate the information in the computer.

24. On or about November 2016, Plaintiff received a customer inquiry. When Plaintiff attempted to locate the customer's file on her desk, the file was no where to be found. Plaintiff asked Mr. Gordy for the file in question and he informed that he would provide her with the file.

25. Plaintiff values the timely process of her work and her client's success, which forced Plaintiff to search for Mr. Gordy to retrieve the file he failed to provide in a timely manner. Mr. Gordy was not in his office, thus, Plaintiff requested Ms. Kelly to retrieve the file for her. However, Ms. Kelly refused to provide Plaintiff with the file. Shortly thereafter, Mr. Gordy entered the office and instructed Ms. Kelly to grab the file and she did so without hesitation.

26. As Plaintiff waited for Ms. Kelly to bring her the file, Mr. Gordy approached Plaintiff and began to yell that Plaintiff "is to go through him retrieve her files."

27. Pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff was subjected to unwelcomed verbal conduct by Mr. Gordy, which caused a hostile work environment.

28. Plaintiff asked Mr. Gordy, "why are you treating me like this, it doesn't make sense"? Mr. Gordy leaned over and continued yelling at Plaintiff to the point where she felt threatened.
Mr. Gordy is extremely tall with an athletic build; he towered over Ms. Fowler. Mr. Gordy's unwelcomed physical conduct prevented Plaintiff from leaving her desk area.

29. Plaintiff informed Mr. Gordy that he was humiliating her and asked him to stop, to no avail. Mr. Gordy persisted with yelling.

30. Plaintiff removed herself from the situation and headed towards Director Fred Moosally's office. Mr. Gordy abruptly followed Plaintiff and physically shoved her, warranting unwelcomed physical conduct, pursuant to Title VII of the Civil Rights Act of 1964.

31. Plaintiff perceived the working environment to be abusive and complained to Mr. Moosally about the actions of Mr. Gordy. Plaintiff's complaint fell on an unresponsive ear as Mr. Moosally failed to do anything about her complaint.

32. Mr. Gordy still displays demeaning behavior towards Plaintiff to this day. A reasonable person in the Plaintiff's circumstance would consider the behavior to be abusive and find that Mr. Gordy creates a hostile work environment.

33. Mr. Gordy also created a hostile work environment between Plaintiff and Ms. Kelly by instructing Ms. Kelly to oversee Plaintiff's files without informing Plaintiff why this was necessary. Plaintiff experienced emotions of inadequacy and humiliation, which did not foster a healthy work environment.

34. The additional step of review by Ms. Kelly delayed their clients' opportunity to obtain an Alcohol License in a timely manner. Plaintiff was not compensated for the extended hours she worked to attempt to maintain her work pace before the additional step of review was implemented.

## VII. SECOND CLAIM OF RELIEF
(Age Discrimination - 29 U.S.C. § 621(b) and 29 U.S.C. § 623(a))

35. Plaintiff incorporates all preceding paragraphs of this Complaint for the purposes of this claim.

36. Pursuant to 29 U.S.C. § 623(a), the Defendant exercised age discrimination against the Plaintiff on numerous occasions.

37. As the oldest Grade 11 employee, with the most experience and training, Plaintiff has been overlooked for advancement opportunities to higher levels.

38. On at least two occasions, Plaintiff applied and made the selection certificate for the jobs listed. However, she was never considered for either position. It is worth noting that Plaintiff has maintained her role as Licensing Specialist for over 23 years and her employment with the company for over 30 years. In absence of a substantive reason why Plaintiff was not afforded these jobs, a reasonable person can conclude that age discrimination is a viable explanation for this matter.

39. The Defendant's failure to consider the Plaintiff for two positions, despite her extensive experience, directly contradicts with 29 U.S.C. § 621(b)'s purpose of promoting persons based on their ability rather than age.

40. Promotions were granted to younger term employees who are not in the same protected class as the Plaintiff, with only one or two-years work experience at ABRA. Furthermore, some of these younger term employees received an integral part of their training from the Plaintiff. As a result, some of these younger term employees have reached the same level as the Plaintiff.

41. Defendant also negatively affected Plaintiff's status as a Licensing Specialist when Mr. Gordy delegated Ms. Kelly, a comparably ranked Grade 11 employee, to supervise the Plaintiff's files.

42. Mr. Moosally also exhibited discriminatory behavior when he failed to advise all parties investigating Mr. Gordy's complaint that Plaintiff filed a verbal complaint with him the very same day Mr. Gordy did.

43. A week after the incident, Plaintiff asked Mr. Moosally about the status of her complaint and he instructed Plaintiff to speak with Ms. Martha Jenkins, ABRA General Counsel. As if failing to submit the Plaintiff's complaint was not enough, Mr. Moosally consciously directed Plaintiff to a hopeless source.

44. Ms. Martha Jenkins informed Plaintiff that she would be retrieving "numbers" for her Complaint, which never materialized. Plaintiff was never informed by Mr. Moosally that he failed to submit her complaint.

45. Mr. Gordy and Mr. Moosally, two men who serve in leadership capacities at ABRA, have targeted the Plaintiff, an employee who has been with the company for 30 years, with their discriminatory actions.

46. On or around July 18, 2017, Mr. Gordy denied Plaintiff's bereavement to attend ex-husband's funeral and sort out legal issues related. Plaintiff was granted bereavement to attend her ex-husband's mother's funeral at a younger age without conflict.

**PRAYER FOR RELIEF**

WHEREFORE, based on the allegations and Causes of Action set forth above, which are fully incorporated herein, Plaintiff respectfully requests that this Court enter a judgment against the Defendant and grant the following:

a) Declaratory relief, including but not limited to, a declaration that Defendants have engaged in age discrimination pursuant to 29 U.S.C. § 621(b) and 29 U.S.C. § 623(a),

b) Declaration that Defendants have violated the Title VII of the Civil Rights Act of 1964;

c) Compensatory and punitive damages to the Plaintiff for all the mentioned causes of action in an amount to be determined by a jury of her peers:

d) Plaintiff attorney's fees;

e) The cost and expenses of litigation;

f) An amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including pre-and post-judgment interest; and

g) Any other relief which this Court deems just and proper.

The Plaintiff further reserves the right and opportunity to assert additional claims and/or affirmative defenses not included in this Complaint and to further amend and/or supplement the information provided and further attest the facts above are true and accurate under penalty of perjury.

         Margaret Fowler, PLAINTIFF

         By: __/s/C.Tucker_____

         Charles T. Tucker Jr. Esq.

         Counsel for Plaintiff

__/s/___C.Tucker_____      _____

Charles Tucker Jr. Esq.            Date

Attorney for the Plaintiff

Tucker Moore Law Group, LLP

8181 Professional Place Suite 117

D.C. Bar No: 993515

Hyattsville, MD 20785

Direct Dial (301) 577-1175

Email address: charles@tuckerlawgroupllp.com