**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARGARET FOWLER, )<br><br>)<br>) Civil Action No.: 1:18-cv-00634 (RDM)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA *et al.,* )<br>)<br>)<br>Defendants. )<br>) | |

## THE DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS

The District of Columbia (the District) moves to dismiss Count I of the Complaint for

failure to state a claim under Fed. R. Civ. P. 12 (b)(6).  Plaintiff has not alleged the elements of a

Title VII violation.  *See* 41 U.S.C. § 2000e, *et seq.*  She has failed to claim membership in a

protected class or that her class membership caused her injury.

For these reasons, which are detailed in the attached memorandum of points and

authorities, the Court should grant this motion and dismiss Plaintiff's Title VII claim with

prejudice.

Date:  July 17, 2018

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

SARAH KNAPP
Assistant Attorney General
Civil Litigation Division, Section III
441 Fourth Street, N.W.
Washington, D.C. 20001

Phone: 202-724-6528
Fax: 202-741-0599
Sarah.knapp@dc.gov

TAYLOR MOROSCO [316401][1]
Assistant Attorney General
Civil Litigation Division, Section III
441 Fourth Street, N.W.
Washington, D.C.  20001
Phone:  202-442-9867
Fax:  202-741-0499
Taylor.morosco@dc.gov

*Counsel for District of Columbia*

---

[1]     Admitted to practice only in California. Appearing before this Court pursuant to D.C. Court of Appeals Rule 49(c)(4) under the direct supervision of Sarah L. Knapp, a member of the District of Columbia Bar.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARGARET FOWLER, | ) | |
| | ) | |
| | ) | Civil Action No.: 1:18-cv-00634 (RDM) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA *et al.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THE DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

The District of Columbia (the District) moves to dismiss Count I of the Complaint for

failure to state a claim. *See* Super. Ct. Civ. R. 12 (b)(6).  Plaintiff contends that her employer,

Alcoholic Beverage Regulation Administration (ABRA), violated Title VII by subjecting her to a

hostile work environment.[2]  However, Plaintiff fails to allege membership in a protected class

under Title VII or that ABRA subjected her to a hostile work environment because of her

membership in a protected class.  Because Plaintiff has failed to plead these essential elements,

the Court should dismiss her Title VII hostile work environment claim.

**BACKGROUND**

Plaintiff is a Licensing Specialist at ABRA.  Compl. ¶8. She claims that her supervisor,

Sean Gordy, violated Title VII by creating a hostile work environment.  Plaintiff claims Gordy

spontaneously and without reason removed files from Plaintiff's office, and gave them to a co-

worker oversee.  Plaintiff also claims that she was required to get all of her files from Gordy.

---

[2]     Count II of the Complaint adequately states a claim for relief under the ADEA.

Additionally, after she confronted Gordy about the files, Plaintiff asserts that he humiliated her, towered over her, shoved her, and yelled at her.  Other than mentioning that she is female, Compl. ¶7, the Complaint does not connect these actions to Plaintiff's membership in a protected class.

## ARGUMENT

### I.     Standard of Review

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts, accepted as true, to state a claim of relief that is plausible on its face.  Fed. R. Civ. P.  12 (b)(6); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot state a claim of relief.  *Id.*  A court need not accept mere legal conclusions.  *Twombly*, 550 U.S. at 555.

### II.    Plaintiff's Title VII hostile work environment claim should fail because she has failed to plead the essential elements of membership in a protected class and causation.

Plaintiff has not pled facts supporting a Title VII hostile work environment claim.  A plaintiff must plead four elements to establish a prima facie hostile work environment claim: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment occurred because of her protected class; and (4) the harassment affected a term, condition, or privilege of her employment.  *See Lively v. Flexible Packaging Ass'n*., 830 A.2d 874, 889 (D.C. 2003).  The workplace environment is "hostile" when the offensive conduct "permeate[s] [the workplace] with discriminatory intimidation, ridicule, and insult that is

sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 107 (D.D.C. 2005) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998)).  And even if the plaintiff's work environment meets this bar, the misconduct must be linked to plaintiff's protected class.  *See id.* at 107 (citing *Alfano v. Costello,* 294 F.3d 377 (2d Cir. 2002) ("Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude.  It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage of correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals.")).

Plaintiff has failed to establish a prima facie case of hostile work environment.  As to the first element, Plaintiff has not claimed to be a member of a protected class.  The Complaint fails to allege whether Plaintiff is claiming race, color, religion, sex, or national origin discrimination. As to the second element, Plaintiff has perhaps pleaded facts, if accepted as true, are sufficient to support a preliminary finding of unwelcome harassment.  Plaintiff claims that she suffered a hostile work environment because Gordy removed files from her desk area, placed Plaintiff's files under a colleague's oversight, subjected Plaintiff to unwelcome verbal conduct, and physically shoved Plaintiff.  *See* Compl. ¶22, 27, 30.  But the Complaint does not allege facts establishing the third element: that the alleged hostile work environment resulted from Plaintiff's membership in a protected class.

The failure to allege membership in a protected class and causation is fatal to Plaintiff's Title VII hostile work environment claim.  Without these two essential elements, Plaintiff has failed to state a claim.  For these reasons, the Court should dismiss Count I of the Complaint with prejudice.

Date:  July 17, 2018                         Respectfully submitted,

                                             KARL A. RACINE
                                             Attorney General for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General, Civil Litigation Division

                                             SARAH KNAPP
                                             Assistant Attorney General
                                             Civil Litigation Division, Section III
                                             441 Fourth Street, N.W.
                                             Washington, D.C. 20001
                                             Phone: 202-724-6528
                                             Fax: 202-741-0599
                                             Sarah.knapp@dc.gov

                                             TAYLOR MOROSCO [316401][3]
                                             Assistant Attorney General
                                             Civil Litigation Division, Section III
                                             441 Fourth Street, N.W.
                                             Washington, D.C.  20001
                                             Phone:  202-442-9867
                                             Fax:  202-741-0499
                                             Taylor.morosco@dc.gov

                                             *Counsel for District of Columbia*

---

[3]     Admitted to practice only in California. Appearing before this Court pursuant to D.C. Court of Appeals Rule 49(c)(4) under the direct supervision of Sarah L. Knapp, a member of the District of Columbia Bar.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARGARET FOWLER, | ) | |
| | ) | |
| | ) | Civil Action No.: 1:18-cv-00634 (RDM) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA *et al.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Upon consideration of the District's Motion to Dismiss, the Memorandum of Points and

Authorities in support thereof, and any opposition thereto, it is hereby

**ORDERED** that the District of Columbia's Partial Motion to Dismiss is **GRANTED**; and

it is further

**ORDERED** that Count I of the Complaint is dismissed with prejudice.

Date: _____                    _____
                                          Randolph D. Moss
                                          United States District Court