UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET FOWLER, ) | |
| ) | Civil Action No.: 1:18-cv-0634 (RDM) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA et al., ) | |
| ) | |
| Defendants. ) | |

**SUR-REPLY TO DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS**

Defendant District of Columbia's Partial Motion to Dismiss is due to be denied. Plaintiff has pled sufficient facts in support of her Title VII hostile work environment claim. Defendant's Reply cites Baloch v. Kempthorne stating that "Being female is simply not enough to prove sex discrimination." *See Defendant's Reply.* That case is wholly irrelevant to the present case. In Baloch, the issue was whether there was sufficient evidence to survive a Motion for Summary Judgment. Baloch v Kempthorne, 550 F3d 1191, 1194 [2008].) In the present case, we are faced with whether Plaintiff's complaint pled sufficient facts to survive a 12(b)(6) motion to dismiss.

Defendant is mistaken about what standard of sufficiency is applicable in the present case. It appears that Defendant believes the complaint must prove a prima facie claim of Title VII hostile work environment to be found sufficient. Defendant's belief is incorrect. Plaintiff merely plead sufficient facts to put all parties and the Court on notice as to what claims Plaintiff alleges and the relief sought. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admission, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Federal Rule of Civil Procedure Rule 8(a)(2) provides "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Plaintiff has pled sufficient facts entitling her to offer support of her claims but also that she is entitled to relief. While the Defendant may contest the sufficiency of the pleading, it is not the Defendant's duty to make such a determination. The discretion is left to the Court.

Further, the Defendant states that the first time Plaintiff alleges she was discriminated against because of her sex is in Plaintiff's *Response to Defendant's Motion to Dismiss*. Defendant is again incorrect. Plaintiff's complaint sufficiently alleges that Plaintiff was discriminated against on the basis of her sex. Again, Plaintiff detailed how as a female employee, she endured humiliation, invasion of personal space, yelling, and showing, all at the hands of her male supervisor. Plaintiff is in no way making an attempt to amend is Complaint through its Opposition Brief. Plaintiff's complaint sufficiently pled facts to put Defendant on notice of the basis in which Plaintiff asserts a claim for Title VII Hostile Work Environment.

## CONCLUSION

Defendant's *Partial Motion to Dismiss* should be denied because the Defendant incorrectly asserts that the Plaintiff has failed to properly plead a Title VII claim. Plaintiff has pled sufficient facts to survive Defendant's *Partial Motion to Dismiss* and is entitled to offer support to her claim.


Respectfully Submitted,

                                              /s/ Charles Tucker, Jr.
                                              Attorney Charles T. Tucker Jr.
                                              Senior Partner

                Tucker Moore Group, LLP
                D.C. Bar No: 993515
                8181 Professional Place, Suite 117
                Landover, MD 20785
                Office no. (301) 577-1175

CERTIFICATE OF SERVICE

     I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

Karl A. Racine
Attorney General for the District of Columbia

George C. Valentine
Deputy Attoreny General
Civil Litigation Division

Sarah L. Knapp
Chief, Civil Litigation Division Section III

Taylor Morosco
Assistant Attorney General
Civil Litigation Division, Section III
441 Fourth Street, N.W.
Washington, D.C. 20001

     THIS, the 14th day of September 2018.

                                          /s/ Charles Tucker, Jr.
                                          Attorney Charles T. Tucker Jr.
                                          Senior Partner
                                          Tucker Moore Group, LLP
                                          D.C. Bar No: 993515
                                          8181 Professional Place, Suite 117
                                          Landover, MD 20785
                                          Office no. (301) 577-1175

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET FOWLER, ) | |
| ) | Civil Action No.: 1:18-cv-0634(RDM) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA et al., ) | |
| ) | |
| Defendants. ) | |

## **PROPOSED ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss, filed JULY 17, 2018. Upon consideration of the motion and the entire record herein, the Court finds that the Motion is **DISMISSED.**

Therefore, on this ___ **Day** of _____, **2018**, it is:

**DISMISSED.**

**SO ORDERED.**

_____
Judge

Copies to:

Karl A. Racine
Attorney General for the District of Columbia
*Counsel for Defendant*

George C. Valentine
Deputy Attoreny General
Civil Litigation Division
*Counsel for Defendant*

Sarah L. Knapp
Chief, Civil Litigation Division Section III
*Counsel for Defendant*

Taylor Morosco
Assistant Attorney General
Civil Litigation Division, Section III
441 Fourth Street, N.W.
Washington, D.C. 20001
*Counsel for Defendant*

Charles Tucker
*Counsel for Plaintiff*