# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET FOWLER,<br><br>*Plaintiff*,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants*. | Civil Action No. 18-634 (RDM) |

## ORDER

This matter is before the Court on Defendant's motion to dismiss Count 1 of Plaintiff's complaint for failure to state a claim of hostile work environment under Title VII of the Civil Rights Act of 1964. *See* Dkt. 10. Upon consideration of Defendant's motion, it is hereby ORDERED that the motion is GRANTED.

For purposes of a motion brought under Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016). To allege a claim of hostile work environment, Plaintiff must aver that she "is a member of" one of the classes protected by Title VII *and* that she was "subjected to unwelcome harassment based on membership in that class." *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 85 (D.D.C. 2014). Harassment includes "'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)).

Defendants argue that the complaint fails to allege two essential elements of a hostile work environment claim: They assert that "Plaintiff has not claimed to be a member of a protected class" and that she has not alleged that the purported "hostile work environment resulted from [her] membership in [that] class." Dkt. 10 at 5. Plaintiff responds that the complaint "detail[s] how *as a female employee*, she endured humiliation, invasion [of] personal space[,] yelling, and shoving, all at the hands of her male supervisor." Dkt. 12 at 6 (emphasis added).

Although not a model of clarity, the Court concludes that the complaint adequately alleges that Plaintiff is a member of a protected class. It falls short, however, in alleging that she was subject to harassment *because* of her sex. It is not enough to allege that Plaintiff suffered numerous forms of "humiliation" and intimidation "as a female employee;" rather, to survive a threshold motion, Plaintiff must allege that the defendant acted "because of" her sex. Here, she has not done so.

It is, accordingly, **ORDERED** that the partial motion to dismiss, Dkt. 10, is hereby **GRANTED**. The Court will **DISMISS** Count I of the complaint without prejudice. If Plaintiff seeks to file an amended complaint, she may do so within 14 days.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: January 23, 2019