# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARGARET FOWLER,

    *Plaintiff*,

v.

GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

Civil Action No. 18-634 (RDM)

# ORDER

    This matter is before the Court on Plaintiff's motion for leave to amend. Dkt. 30. In particular, Plaintiff seeks to amend her complaint "to add additional facts and claims based on retaliation." *Id.* at 1. Defendants oppose the motion on the ground that, in their view, "Plaintiff's proposed amendments are futile." Dkt. 31 at 1. Because the Court "should freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), and because the Court is unpersuaded that the proposed amendment is futile, the Court will grant Plaintiff leave to file a second amended complaint.

    In support of their contention that amendment would be futile, Defendants offer three arguments—none is persuasive. First, Defendants argue that Plaintiff's failure to allege when she received a right-to-sue letter is "fatal to her retaliation claim." Dkt. 31 at 3. That is incorrect. "The 90-day statutory period is not a jurisdictional prerequisite to filing suit, but rather operates as a statute of limitations, and is thus an affirmative defense that can be raised in a pre-answer dispositive motion." *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 170 (D.D.C. 2011). As a result, it is the defendant—and not the plaintiff—who "'bears the burden of pleading and proving

it,'" and "[i]t is only after the defendant meets this burden that the burden shifts to the plaintiff to plead and prove 'facts supporting equitable avoidance of the defense.'" *Nichols v. Vilsack*, No. 13-cv-01502, 2015 WL 9581799, at *5 (D.D.C. Dec. 30, 2015) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)). This allocation of burdens does not preclude a defendant from ever raising the defense in a pre-answer motion. But it may do so only "when the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Accordingly, the fact that the proposed second amended complaint is silent on the issue does not doom Plaintiff's claim; it dooms Defendants' pre-answer motion.

Second, Defendants argue that "the proposed amendments do not demonstrate the necessary causal connection between any alleged protected activity and adverse action." Dkt. 31 at 3. Specifically, they maintain that "Plaintiff has not pled *any* causal link between her protected activity and her proposed removal" because more than sixteen months occurred between her filing of this lawsuit (the alleged protected activity), and her proposed removal in July 2019 (the alleged retaliatory act). *Id.* Defendants are correct that cases treating "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality . . . hold that the temporal proximity must be 'very close.'" *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (citation omitted). They are incorrect, however, that the sufficiency of a complaint should be judged through the lens of what evidence might ultimately suffice to withstand a motion for summary judgment or to prevail at trial. *See Teliska v. Napolitano*, 826 F. Supp. 2d 94, 100 (D.D.C. 2011) (noting that a "plaintiff alleging retaliation faces a low hurdle at the motion to dismiss stage" and collecting cases). Unlike at the summary judgment stage, to survive a motion to dismiss—or a claim of

futility—a complaint need include "only enough facts to [nudge the] claim to relief . . . across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Read as a whole, the Court is convinced that Plaintiff's proposed second amended complaint clears that modest hurdle.

Finally, Defendants argue that leave to amend should be denied because the proposed amendments would not cure purported deficiencies in Plaintiff's other claims—*i.e.*, her age discrimination and hostile work environment claims. *See* Dkt. 31 at 5–6. But that argument is beside the point. Plaintiff need not "cure" those purported deficiencies in order to amend her complaint to add a new claim.

It is, accordingly, hereby **ORDERED** that Plaintiff's motion for leave to amend, Dkt. 30, is **GRANTED**, and Plaintiff's second amended complaint, Dkt. 30-2, is **DEEMED FILED**. It is further **ORDERED** that Defendants' motion to dismiss, Dkt. 24, is hereby **DENIED** as **MOOT**. It is further **ORDERED** that Defendants shall answer or otherwise respond to Plaintiff's second amended complaint on or before February 27, 2020.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 5, 2020