UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET FOWLER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 1:18-cv-00634 (RDM) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **INTRODUCTION**

This action concerns the Defendant's disparate treatment of a 63-year old woman, an employee with the Defendant for over 30 years. This case involves age discrimination and Title VII hostile work environment claims. The Defendant moves to dismiss Plaintiff's Title VII hostile work environment claim, retaliation, and age discrimination claim. Defendant further moves to dismiss this case alleging that the board is *non sui juris*. The Defendant's motion should be dismissed.

## **STATEMENT OF FACTS**

Plaintiff Margaret Fowler is a 63-year old female Licensing Specialist at ABRA and has been employed with the Defendant for over 30 years. Compl. ¶ 8. Pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff was subjected to unwelcomed verbal conduct by her male supervisor, Mr. Gordy, which caused a hostile work environment. Sometime in July 2016, Mr. Gordy had Ms. Kelly remove several files from Plaintiff's desk area. Upon information and belief there were 10

boxes of files that were removed, and Plaintiff received no advance notice of the removal. Compl. ¶ 22.

On or about November 2016, Plaintiff received a customer inquiry. When Plaintiff attempted to locate the customer's file on her desk, the file was nowhere to be found her with the file. Compl. ¶ 24. After many attempts, Plaintiff was denied the necessary files. When Plaintiff inquired about the location of the files, Mr. Gordy leaned over and continued yelling at Plaintiff to the point where she felt threatened by Mr. Gordy's tall and athletic build; he towered over Ms. Fowler. Compl. ¶ 28. His unwelcomed physical presence prevented the Claimant from leaving her desk. *Id*. Mr. Gordy proceeded to yell and humiliate the Plaintiff to no avail. Comp. Compl. ¶ 29. Plaintiff reported this behavior, yet her complaint fell to unresponsive ears. Compl. ¶ 31.

Consequently, the Plaintiff continues to endure Mr. Gordy's demeaning and humiliating behavior as it permeates throughout Plaintiff's work environment and sours relationships with co-employees including Ms. Kelly, who is now unnecessarily supervising Plaintiff's files. Compl. ¶ 34. This additional step of review has not only caused delay in client service but has also created a work environment in which the Plaintiff continuously endures humiliation, fear, and intimidation at the hands of her supervisor. Compl. ¶ 35-37.

## **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to assert a defense to a case by motion where a plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *U.S. ex rel. Harris v. Bernad*, 275 F.Supp. 2d 1, 5 (D.D.C. 2003). The court has authority to dismiss a suit for failure to state a claim upon which

relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible and above mere speculation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).

Additionally, a court need not accept as true plaintiff's legal conclusions, deductions or opinions which are merely asserted as factual allegations. *Id.* at 555. A claim is considered facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court assumes that the facts alleged by the plaintiff are true, and gives the plaintiff the benefit of all inferences that can be derived from the facts as alleged. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46. In Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. *Id*. A complaint is sufficient even if actual proof is "improbable" and "'recovery is very remote and unlikely.'" *City of Moundridge v. Exxon Mobil Corp*., 250 F.R.D. 1, 4 (D.D.C. 2008). The court will consider facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n. 6 (D.C. Cir.1993).

**ARGUMENT**

**I. The Court Should Not Dismiss Plaintiff's Hostile Work Environment Claim.**

    **I.**     **Plaintiff's Title VII hostile work environment claim will not fail because she has pled sufficient facts for this stage of litigation.**

Plaintiff has pled sufficient facts supporting a Title VII hostile environment claim. To establish a prima facie hostile work environment claim, Ms. Richardson must show that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment occurred because of her race; and (4) the harassment affected a term, condition, or privilege of her employment. *Richardson v. Petasis*, 160 F. Supp. 3d 88, 123 (D.D.C. 2015). *See Nurriddin v. Goldin*, 382 F.Supp.2d 79, 107 (D.D.C.2005); *Kelley v. Billington*, 370 F.Supp.2d 151, 156 (D.D.C.2005); *see also Elam v. Bd. of Trs. of Univ. of D.C.*, 530 F.Supp.2d 4, 21 n. 7 (D.D.C.2007).

The Defendant contends that Plaintiff has not pled sufficient facts to establish the third element: that the allege hostile work environment resulted from Plaintiff's membership in a protected class; however, the standard for proving every element at this phase of litigation is premature in this case. At the 12(b)(6) stage, a Title VII plaintiff is not required to plead facts sufficient to prove each element of her case, *see Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), but she is "required to allege facts that support a claim for relief." (emphasis added.) *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir.2003). These "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, and the complaint must "state a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Plaintiff has plead sufficient facts to support her claims of a hostile work environment based on her age. The Plaintiff detailed how as a female employee, she endured humiliation, invasion personal space yelling, and shoving, all at the hands of her male supervisor. These allegations are beyond speculation and allow the court to infer more than the mere possibility of misconduct. None of the conduct and treatment received by the Plaintiff was exuded on her younger male coworkers. Thus, Plaintiff sufficiently pled facts for her Title VII hostile working environment claim and this Court should deny the Defendant's Motion to Dismiss.

## II. The Court Should Not Dismiss Plaintiff's Retaliation Claim

Defendant first argues that Plaintiff's claim should be dismissed because Plaintiff did not allege when she received her right-to-sue-letter. Notably, Defendant fails cite any authority to support its theory. The EEOC issued Plaintiff's right-to-sue letter on August 15, 2019. (Exhibit A). Plaintiff received the right-to-sue letter on August 19, 2019. Plaintiff then timely filed her amended complaint on October 16, 2019. Therefore, Plaintiff's claim must survive Defendant's argument.

In order prove a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in a statutorily protected activity; (2) the employer took an adverse employment action; and (3) there is a causal relationship between the two. *Clipper v. Billington,* 414 F. Supp. 2d 16, 25 (D.D.C. 2006) (citing *Romero-Ostolaza v. Ridge,* 370 F. Supp. 2d 139, 148 (D.D.C. 2005); *Brown,* 199 F.3d at 452; *Morgan v. Fed. Home Loan Mortgage Corp.,* 328 F.3d 647, 651 (D.C. Cir. 2003))..Defendant alleges that Plaintiff has not established a causal relationship between the statutorily protected activity and the adverse employment action. Specifically, Defendant argues that Plaintiff did not allege who made the decision to remove her and whether he was aware of the

instant lawsuit and EEOC. Notably, Defendant failed to support its argument that the removing employees lacked knowledge of the instant action. Further, Defendant's argument is one that can only be supported once discovery is concluded.

Regardless, the employees who issued the decision to remove Plaintiff had both actual and constructive knowledge of the instant action and EEOC charge. The notice of proposed removal was issued by Plaintiff's immediate supervisor, Sean Gordy. Plaintiff specifically named Mr. Gordy within her EEOC charge as one of her harassers. As being specifically named in the EEOC charge Mr. Gordy would have had to have known of the matter in order to help facilitate the final decision to remove Plaintiff was issued by Fred Moosally, the director of the Defendant Agency. As director of the Defendant agency at suit, Mr. Moosally had constructive knowledge of the EEOC filing and the instant action.

Lastly, Defendant argues that the temporal link between the protected activity and adverse action are too far apart. Specifically, Defendant focuses on the temporal link between the protected activity and the proposed removal. Defendant's argument is flawed. After Plaintiff filed her original EEOC filing and lawsuit, Plaintiff had been subjected to numerous instances of retaliation leading up to and including her proposed removal and subsequent removal. Because the retaliation is based on numerous instances against Plaintiff, Defendant's motion is due to be denied.

## **CONCLUSION**

WHEREFORE, Plaintiff Margaret Fowler prays that this Honorable Court issues an Order denying Defendants' Motion to Dismiss. Defendant's Motion to Dismiss should be denied because the Defendant incorrectly asserts that the Plaintiff has failed to establish a prima facie case of

hostile work environment. This contention fails, because the Plaintiff is not required to plead facts to prove every element of this claim at this stage. Moreover, Plaintiff has pled plausible facts to assert a viable Title VII hostile work environment and retaliation claims. Therefore, this Court should deny Defendant's motion.

Respectfully submitted this 12th day of May 2020.

*/s/ Charles Tucker, Jr.*
Charles Tucker, Jr.
Senior Partner
TuckerMoore Group
8181 Professional Pl. Suite 207
Hyattsville, MD 20785
charles@tuckerlawgroupllp.com

CERTFICIATE OF SERVICE

      I hereby certify that on March 12, 2020, a true and correct copy of the foregoing was eServed via electronic filing or mailed via United States Postal Service to:

Karl A. Racine
Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General
Civil Litigation Division

Alicia M. Cullen
Acting Chief, Civil Litigation Division Section III

Michelle G. Hersh
Assistant Attorney General
441 4th Street, NW, Suite 630 South
Washington, D.C. 20001

                                            *s/ Charles Tucker, Jr.*
                                            Charles Tucker, Jr.
                                            Senior Partner
                                            TuckerMoore Group
                                            8181 Professional Pl. Suite 207
                                            Hyattsville, MD 20785
                                            charles@tuckerlawgroupllp.com