UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET FOWLER, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:18-cv-00634-RDM |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff's threadbare Opposition is largely unresponsive to the arguments raised in Defendants' Motion. Moreover, Plaintiff concedes that ABRA is *non sui juris* and that she cannot proceed on her Age Discrimination in Employment (ADEA) claims. Therefore, the Court should grant Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

**I.     Plaintiff Concedes Defendants' Arguments That ABRA is *Non Sui Juris* and That Her ADEA Claim Fails.**

Defendants argued that ABRA is *non sui juris* and should be dismissed from the instant lawsuit. Plaintiff entirely ignored—and thus conceded—this argument in her Opposition. *See generally* Pl.'s Opp'n. Similarly, Plaintiff does not contest Defendants' arguments that her ADEA claims are barred by the statute of limitations, and that the Second Amended Complaint does not plead that the alleged adverse actions were taken because of her age. Plaintiff's Opposition does not address *any* of Defendants' arguments regarding her ADEA claims. Therefore, she has conceded both that ABRA is *non sui juris* and that the Court should dismiss her ADEA claims. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an

opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.")  Accordingly, the Court should dismiss ABRA as a defendant and dismiss Count II of Plaintiff's Second Amended Complaint.

## II.     **Plaintiff Has Failed to State a Hostile Work Environment Claim.**

Plaintiff fails to address Defendants' arguments that her complaints do not rise to the level of a hostile work environment claim.  In addressing Defendants' argument that the Second Amended Complaint fails to adequately plead that the alleged actions were taken because of her age or her gender, Plaintiff merely restates that she was a woman subjected to alleged actions by a male supervisor and that younger male colleagues were not subjected to the same actions.  *See* Pl.'s Opp'n at 4-5.  Not only does this argument not address the issue of whether the alleged actions are sufficient to constitute a hostile work environment, but it also does not address the glaring deficiency in the Second Amended Complaint—namely that Plaintiff does not allege she was subjected to the various actions *because* of her gender or age.  This simply does not satisfy the pleading requirements set forth in *Iqbal*. *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009).  This causal connection is an element of her claim, and to proceed, Plaintiff must allege specific facts to properly allege a connection.  She has not done so, and therefore the Court should dismiss her hostile work environment claims.

## II.     **Plaintiff Improperly Attempts to Bolster Her Retaliation Claim with Facts Not Contained in Her Second Amended Complaint.**

In response to Defendants' arguments that Plaintiff failed to plead sufficient facts to establish a retaliation claim, Plaintiff improperly inserted facts that were not included in her Second Amended Complaint.  It is well-established that a plaintiff cannot amend his complaint through an opposition brief.  *Mazloum v. District of Columbia*, 442 F. Supp. 2d 1, 12 n. 7

(D.D.C. 2006); *Arbitraje Casa de Cambio, S.A. de C.V. v. United States Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003). *See* Pl.'s Opp'n. at 5-6. Apparently in support of her argument, Plaintiff also attached two exhibits to her Opposition, which is plainly improper for pleadings under Fed. R. Civ. P. 12(b)(6). Despite this, Plaintiff is still unable to maintain a retaliation claim as nearly 16 months elapsed between Plaintiff's alleged protected activity and her termination. Plaintiff has pled insufficient facts to establish causation in the absence of her ability to rely on temporal proximity.

## CONCLUSION

For the foregoing reasons, along with the reasons stated in Defendants' initial motion, the Court should dismiss Plaintiff's Second Amended Complaint with prejudice.

Date:  March 19, 2020

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Michelle G. Hersh*
MICHELLE G. HERSH [980097]
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone:  202-807-0360
Fax:  202-741-8982
Email:  michelle.hersh@dc.gov

*Counsel for Defendants District of Columbia and the District of Columbia Alcoholic Beverage Regulation Administration*