IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET FOWLER | : |
| Plaintiff, | : |
| | :     Case No.: 18-634 (RDM) |
| v. | : |
| THE GOVERNMENT OF THE<br>DISTRICT OF COLUMBIA | :<br>: |
| AND | : |
| THE ALCHOLIC BEVERAGE<br>REGULATION ADMINSTRATION | :<br>: |
| Defendants. | : |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Margaret Fowler ("Plaintiff"), by and through her undersigned counsel, hereby submits this Opposition to Defendant Government of the District of Columbia ("Defendant DC" or "DC") and Defendant Alcoholic Beverage Regulation Administration's ("Defendant ABRA" or "ABRA") Motion to Dismiss.

**Introduction**

Plaintiff has suffered through a situation of extraordinary hostility. In the interests of justice, she falls before this Court to plead her case and has done so numerous times seeking some remedy to quiet the injustices of the past. Where Plaintiff suffered through discriminatory behavior, consistent mistreatment and neglect from her supervisors, retaliatory behavior, and interference with her legal rights, Plaintiff is surely entitled to her case being heard on the merits, is entitled to discovery, and requires remedy. Defendants DC and ABRA have consistently

dismissed Plaintiff's claims, for one reason or another, and attempted to bar Plaintiff from having justice served. After Plaintiff filed her Third Amended Complaint on December 11, 2020, Defendants DC and ABRA filed their Motion to Dismiss on January 11, 2021; once again forcing Plaintiff through the arduous process of skirmishing with Defendant's arguments of jurisdiction, timeliness, and causal connection. Plaintiff is more than prepared for the task and will lay out the factual setting herein before proceeding to legal analysis of Defendant's dismissive arguments.

## Factual Setting

Plaintiff was employed by Defendant ABRA for thirty-one years and worked as a diligent employee in her time there without issue. In November 2016, Plaintiff began having issues with her supervisor, Sean Gordy ("Mr. Gordy"). Plaintiff was subjected to hollow accusations, initiated by Mr. Gordy, that led to the opening of an investigation by the Audit and Special Investigations ("ASI") team into her behavior. After the investigation, the ASI case was closed on January 13, 2017. Additionally, Mr. Gordy forwarded a complaint to Fred Moosally ("Mr. Moosally") who in turn sent the complaint to the Department of Human Resources ("DCHR"), however, when Plaintiff sent a similar complaint relating to Mr. Gordy's behavior towards her, Mr. Moosally failed to forward it to the proper individuals or agency.

On or about June 30, 2017, Plaintiff was placed on a Performance Improvement Plan ("PIP") for about 90-days for failure to meet the minimum requirements for her position. The AFL-CIO, Local 2743, believed that DCHR failed to properly investigate this matter and placed Plaintiff on a PIP inconsistent with the personnel regulations. On September 1, 2017, the Union requested that all negative documents placed in Plaintiff's personnel folder are removed, and any leave used by Plaintiff in connection with this matter be restored. Plaintiff filed an Equal

Employment Opportunity Claim ("EEOC") on December 6, 2017. The EEO office dismissed the claim on December 8, 2017, and Plaintiff received her right to sue letter on December 19, 2017. Plaintiff filed the instant case on March 20, 2018 in search of some relief from the unjust behavior that she suffered through. On December 20, 2018, in the pendency of the current litigation, Plaintiff received notice of Defendant ABRA's final decision o suspend her for five (5) working days. On January 15, 2019, Plaintiff filed a grievance to appeal Defendant ABRA's decision. On February 4, 2019, Defendant ABRA upheld their decision. On July 31, 2019, Plaintiff received a Notice of Proposed Adverse Action: Removal. Plaintiff appealed the decision of the agency, citing her belief that she was being targeted for failure and forced into early retirement due to discriminatory and retaliatory intent. Finally, Plaintiff filed another claim with the EEO office on August 1, 2019 and received a right to sue letter as to the charges contained therein on August 15, 2019.

## Legal Standard

As Defendants astutely points out, "[t]o survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See* Defendants Motion to Dismiss ("Def. MTD"), ECF No. 42, pg. 4 (citing *Ashcroft v. Iqbal*, 556 US 662, 678 (2009)). Additionally, per *Iqbal*, legal conclusions will not be entitled to the assumption of truth. 556 US 662, 680 (2009). The well-pleaded factual allegations should be analyzed and weighed so that they present a plausible avenue which gives rise to an entitlement to relief, however, the mere possibility of misconduct does not give rise to an entitlement to relief. *Id.* Additionally, Defendant seeks to argue dismissal of Count I of the Third Amended Complaint *with prejudice* on jurisdictional time bar grounds. In support, Defendant points to *Leftwich v. Gallaudet University* which states,

"[d]ismissal based on [a statute of limitations] is appropriate when the facts giving rise to the statute of limitations defense are clear from the face of the complaint." 878 F. Supp. 2d 81, 92 (D.D.C. 2012). That very same case also stated that, "[a] court may dismiss a claim on statute of limitations grounds if 'no reasonable person could disagree on the date' on which the cause of action accrued." *Id.* Further still, "[a] dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *See Firestone v. Firestone,* 76 F.3d 1205, 1209 (1996) (citing *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C.Cir.1985)) (internal quotations omitted). With the appropriate standards laid out, the legal analysis challenging Defendants' contentions must now begin.

## Legal Argument

I.     THIS COURT SHOULD NOT DISMISS PLAINTIFF'S RETALIATION CLAIM

A. Plaintiff's Retaliation Claim Based on Her Placement on a PIP in June 2017 is Not Time-Barred

Defendant contends that Plaintiff filed the instant action 97 days after receiving her right-to-sue letter. *See* Def. MTD, ECF No. 42, pg. 7. Correctly, Defendant points to the very wording of Plaintiff's Third Amended Complaint ("3d Am. Comp.") at ¶ 20 which states, in relevant part, that Plaintiff received her right-to-sue letter on December 13, 2017. *See* 3d Am. Comp., ECF No. 40, pg. 3. On these grounds, Defendant moves this Court to dismiss Count I purely on the grounds of an expired statute of limitations with prejudice. Reiterating the established case law, "[a] dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *See Firestone v. Firestone,* 76 F.3d 1205, 1209 (1996) (citing

*Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C.Cir.1985)) (internal quotations omitted). Further reiterating, "[a] court may dismiss a claim on statute of limitations grounds if 'no reasonable person could disagree on the date' on which the cause of action accrued." *See Leftwich v. Gallaudet University*, 878 F. Supp. 2d 81, 92 (D.D.C. 2012).

Here, a reasonable person disagrees on the date after what appeared to be a mere discrepancy has crystalized into a fact of true contention that would cure the challenged pleading. In Plaintiff's initial Complaint ("Comp.") filed on March 20, 2018, it is clearly stated that Plaintiff received her right-to-sue letter for her EEO charge not on December 13, 2017, but December 19, 2017. *See* Comp., ECF No. 1, ¶ 20. Per Federal Rule of Civil Procedure Rule 6, "…exclude the day of the event that triggers the period…"; therefore a right-to-sue letter received on December 19, 2017 would allow for a complaint filed on March 20, 2018 as that would be within the prescribed time period. *See* FRCP Rule 6.

Defendant cites *Smith v. Dalton* (1997), *Ruiz v. Vilsack* (2011), and *Gill v. DC* (2012) to support their contention that a complaint filed pursuant to a right-to-sue must be done so within 90 days. Plaintiff does not refute this position, however, it is highlighted that in those cases there were no facts which pointed to the right-to-sue letter having been received later than what was written in the pleading. Here, a deficient pleading was filed which erroneously indicated that the right-to-sue letter was received on December 13 when, in fact, it was received on December 19. Though this issue could have been cleared up with an errata to the Third Amended Complaint, Defendant filed their Motion to Dismiss before this error was discovered. As Defendant is moving this Court to dismiss Count I *with prejudice* and because there are facts which are consistent with the original pleading which point to the

inapplicability of a statute of limitations defense, this Court should not dismiss Count I as there is a reasonable disagreement as to when the time period to bring the current litigation accrued.

B.  <u>Plaintiff Did Not Fail to Exhaust Her Administrative Remedies for the Post-December 6, 2017 Allegations of Retaliation</u>

As it relates to the failure to exhaust her administrative remedies, this Court should find this defense unpersuasive. First and foremost, Plaintiff went to the EEO office and filed a charge of discrimination on August 1, 2019. Pursuant to that, Plaintiff received her right-to-sue letter on August 25, 2019. With the information laid out, it must be determined whether Plaintiff's post-December 6, 2017 allegations may be included in this suit because of the exhaustion requirement. Plaintiff answers affirmatively that they should be included for the forgoing reasons.

As Defendant astutely cited in their Motion to Dismiss, "a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. If the complainant has first instituted proceedings with a state or local agency, the limitations period is extended to 300 days." *See Cooper v. Henderson*, 174 F. Supp. 3d 193, 202 (D.D.C. 2016); *see also Ashraf-Hassan v. Embassy of France in US*, 878 F. Supp. 2d 164, 170 (D.D.C. 2012); *see also Gordon v. District of Columbia*, 605 F. Supp. 2d 239, 244 (D.D.C. 2009). Under this analysis, because Plaintiff had initiated proceedings with a state or local agency prior to receiving her second right-to-sue letter she would have 300 days which she would be able to conceptually "reach back". In the present case, 300 days prior to August 1, 2019 would be approximately October 5, 2018. This wide scope incorporates all of Plaintiff's post-December 6, 2017 allegations of

retaliation and as such they should not be dismissed due to a failure to exhaust her administrative remedies.

II. THIS COURT SHOULD NOT DISMISS PLAINTIFF'S FMLA CLAIMS

A. Plaintiff has Plead Sufficient Facts Which, Accepted as True, State a Claim for Relief That is Plausible on its Face under a Theory of FMLA Interference

Defendant asserts that the facts alleged in the Third Amended Complaint regarding interference with Plaintiff's rights under the FMLA are, "…the regular process of requesting FMLA leave, in which the employee and agency officials sign the relevant paperwork." *See* Def. MTD, ECF No. 42, pg. 9. Plaintiff disagrees wholeheartedly. First, to prevail under a claim of interference under FMLA, it must be shown that, "…[the plaintiff's] employer interfered with, restrain[ed], or denied the exercise of or attempt to exercise, any right provided by the FMLA and that [plaintiff's] were prejudiced thereby." *See Gordon v. U.S. Capitol Police*, 414 U.S.App.D.C. 204, 210 (2015). Here, interference takes that passive character of undue delay. There was no reason why the mere signing of paperwork would take a period of nearly three months; from when Plaintiff spoke with Mr. Moosally to when Plaintiff sent further documentation to Camille Robinson ("Ms. Robinson").

This three month delay from when Plaintiff initiated the FMLA request to it being granted caused Plaintiff material prejudice in that she was unable to secure a procedure which would assist her with her developed disability. These facts, if accepted as true, form the plausible, and not possible, basis for a claim that Ms. Robinson, through undue delay in processing the requisite information, interfered with Plaintiff's FMLA rights. As such, Plaintiff's Count II should not be dismissed.

B. <u>Plaintiff has Plead Sufficient Facts Which, Accepted as True, State a Claim for Relief That is Plausible on its Face under a Theory of FMLA Retaliation</u>

Defendant states in their Motion to Dismiss that no facts have been plead which show a causal connection to Plaintiff's protected FMLA activity. *See* Def. MTD, pg. 10, ECF No. 42. This is a statement made contrary to the establish and settled law of the District of Columbia wherein temporal proximity has been shown time and time again to be sufficient evidence by which a *prima facie* case of retaliation can be made. *See Propp v. Counterpart Intern.*, 39 A.3d 856, 868 (2012) (stating, "[t]emporal proximity between the protected activity and the adverse action can establish the causal connection."); *see also Chang v. Institute for Public-Private Partnerships, Inc.*, 846 A.2d 318, 329 (2004) (reiterating that the District of Columbia Court of Appeals, "…has previously held that close temporal proximity between a protected activity and an adverse employment action can establish a causal connection between the two.").

Defendant's argument that temporal proximity is not sufficient to establish causal connection is clearly erroneous when tempered against the common law of the District of Columbia, however, accepting *arguendo* that Defendant's position has merit, there is still sufficient evidence to establish a causal connection. In the Office of Employee Appeals case related to this matter, indexed under Case No. 1601-0006-20, Mr. Gordy testified during deposition that he worked closely with the human resources department when making the determination whether to terminate Plaintiff or not. *See* Gordy Dep. 1-199:12 – 1-199:20, **Exhibit A**. Additionally, when asked whether or not Ms. Robinson had communicated with Mr. Gordy regarding Plaintiff's exercise of her rights under FMLA, she stated that she could not recall whether or not she had informed Mr. Gordy. *See* Robinson Dep. 1-246:10, **Exhibit**

**A.** While being deposed Mr. Gordy stated that he was not made aware of Plaintiff's exercise of her FMLA rights, however, this testimony's veracity is questionable especially given that Mr. Gordy stated that he was working so closely with the human resources department prior to Plaintiff's termination. *See* Gordy Dep. 1-199:7 – 1-199:20.

As established, not only is there a showing that Plaintiff was terminated retaliatorily due to temporal proximity, but it is also shown through Mr. Gordy's close working relationship with the human resources department, and by proxy Ms. Robinson. Despite Mr. Gordy's testimony, this close working relationship coupled with the temporal proximity of the adverse action to the protected activity gives rise to the plausible inference that there is a causal connection between the two, respectively. As such, Plaintiff has plead sufficient facts to establish a claim of FMLA retaliation and therefore this Court should not dismiss Count III.

## **CONCLUSION**

For the aforementioned reasons, this Court should not dismiss Plaintiff's Third Amended Complaint against the District of Columbia.

Respectfully submitted this 8th Day of February 2021.

*/s/*Charles Tucker Jr. Esq.
Tucker Moore Group LLP
Charles Tucker, Jr. Esq. #993515
8181 Professional Place Ste. 207
Hyattsville, MD 20785
charles@tuckerlawgroupllp.com

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on February 8, 2021, the above was delivered via e-mail to:

Ryan Martini
Assistant Attorney General
400 6th Street, NW 9th Floor
Washington, DC 20001
Phone: (202)-724-7322
Email: Ryan.Martini@dc.gov

Dated: 2/8/21

*/s/*Charles Tucker Jr. Esq.
Tucker Moore Group LLP
Charles Tucker, Jr. Esq. #993515
8181 Professional Place Ste. 207
Hyattsville, MD 20785
charles@tuckerlawgroupllp.com