UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARGARET FOWLER,**

    **Plaintiff,**

    v.                                        Case No.: 1:18-cv-00634-RDM

**DISTRICT OF COLUMBIA,**

    **Defendant.**

**PLAINTIFF MARGARET FOWLER'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPITED MATERIAL FACTS AND PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS**

COMES NOW the Plaintiff, MARGARET FOWLER, (hereinafter referred to as "Plaintiff" or "Mrs. Fowler"), by and through her undersigned counsel, Charles Tucker, Jr. Esq. at The Cochran Firm, and submits this Response to Defendant's Statement of Undisputed Facts, along with Plaintiff's Statement of Disputed Material Facts.

1. Plaintiff Margaret Gordon Fowler is a former employee of the District of Columbia Alcohol Beverage Regulation Administration (ABRA), who worked for ABRA from August 17, 1987, until October 15, 2019. Ex. A at 5-6 (Pl.'s Am. Answers to Interrog. Nos. 1-2).

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact.**

2. Plaintiff signed an Equal Employment Opportunity Commission (EEOC) charge dated November 30, 2017, wherein she alleges she was discriminated against on the basis of her age. See Ex. B at 2-4 (EEOC Charge dated November 30, 2017).

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact. However, Plaintiff notes for the record that her termination was revoked and the Defendant was ordered to reverse Plaintiff's termination and permit her to retire effective February 6, 2020. See Pl. Exhibit "A", the August 26, 2021 Opinion an Order on Petition for Review.**

3. ABRA employees Fred Moosally, Director; Sean Gordy, Program Manager; and Camille Robinson, Human Resources (HR) Advisor were made aware that Plaintiff filed her March 20, 2018 Complaint on April 27, 2018. See Ex. C at 10 (District's Answer to Pl.'s Interrogatory No. 12).

1

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact.**

4. On November 5, 2018, Plaintiff replied to a "Notice of Proposed Suspension" that "advised on specific dates in September and October [she] arrived late for [her] tour of duty." See Ex. D at 2 (Response to Notice of Proposed Suspension Dated November 2, 2018).

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact insofar as she did reply to the Notice of Proposed Suspension, however denies any proposition that she has admitted to arriving late. Her response clearly explains that the time she was accused of "arriving late" she was not late, she was in fact on time and stopped and instructed by her manager to assist with licensing which precluded her from clocking-in in a timely manner. See ECF Doc. 58-6: Def. Ex. D at 2.**

5. Plaintiff concedes that she was occasionally late for her tour of duty. See id.; Ex. E at 42 (Fowler Dep. 155:1-9; 158:2-6).

**PLAINTIFF'S RESPONSE: Plaintiff denies this statement of fact, as it omits the reasons she was "late" was because of her management stopping her from clocking-in. See Plaintiff's Response to #4 above; and see ECF Doc. 58-6: Def. Ex. D at 2; and see ECF Doc. 58-7: Def. Ex. E at 42.**

6. On June 25, 2019, Sean Gordy signed a Notice and Imposition of a Performance Improvement Plan and Disciplinary Action (2019 PIP) after management found that Plaintiff "continue[d] to display a blatant disregard for performance and relevant . . . goals." See Ex. F at 2-13 (Def.'s RPD Response DC_2018-cv-00634-00000154-65).

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact insofar as Sean Gordy did sign a Notice and Imposition of a PIP on June 25, 2019; but denies any implication that she in fact displayed a "blatant disregard for performance and relevant … goals" and denies any implication that she required the PIP in the first place. The OEA Board determined that the implanting of PIP was in fact wrongful (the PIP was also determined to be in violation of DPM §1410.2 and § 1410.3) See Pl. Exhibit "A", the August 26, 2021 Opinion an Order on Petition for Review, mentioned to Defendant several times and again in Plaintiff's deposition. Also see ECF 58-7, Def. Ex. E at 50 (Fowler Dep. at 185:3-186:5). The PIP is just another example of the unfair treatment and harsher punishments Plaintiff was subjected to.**

7. Under the first performance deficiency "ABC Board Agenda Items," the 2019 PIP stated that Plaintiff failed to submit cases to management for ABC Board consideration; failed to meet deadlines for the licensing agenda resulting in customer delays; and failed to promptly produce placard notifications and provide them to relevant staff for review. See id at 3.

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact insofar as the PIP lists such phrases however, Plaintiff denies that any of these statements are true or accurate and Plaintiff denies any implication that she required the PIP in the first place. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

8. Under the second performance deficiency, "File Contact and File Organization (Files and Records Management)" the 2019 PIP stated Plaintiff failed to respond to management staff and applicant requests to access files; failed to promptly create folders when cases were assigned to her; and failed to file papers according to ABRA Filing System Guidelines adopted by the Licensing Division Supervisor. See id.

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact insofar as the PIP lists such phrases however, Plaintiff denies that any of these statements are true or accurate and Plaintiff denies any implication that she required the PIP in the first place. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

9. Under the third performance deficiency, "Application Processing and Customer Service" the 2019 PIP stated that Plaintiff failed to timely notify customers that she was assigned to their case; failed to timely respond to internal and customer emails and voicemail messages; failed to provide clear and detailed communications when sending internal and external emails; and failed to timely provide draft and supporting documents for placard notices. See id.

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact insofar as the PIP lists such phrases however, Plaintiff denies that any of these statements are true or accurate and Plaintiff denies any implication that she required the PIP in the first place. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

10. Under the fourth performance deficiency "Case Entries in Accela Including Data Entry" the 2019 PIP stated that Plaintiff failed to properly input data into the ABRA case management system; failed to correct errors and ignored repeated requests from management to do so; failed to accurately update records in a timely fashion; and failed to upload required documents to the case management system. See id. at 3-4.

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact insofar as the PIP lists such phrases however, Plaintiff denies that any of these statements are true or accurate and Plaintiff denies any implication that she required the PIP in the first place. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

11. Under the fifth performance deficiency, "Monthly Reports and License Issuance" the 2019 PIP stated Plaintiff failed to timely submit monthly reports and accompanying documents to management, and failed to promptly correct errors in the ABRA case management system identified in the monthly review of licensing issuance reports. See id.

**PLAINTIFF'S RESPONSE: Plaintiff admits this fact insofar as the PIP lists such phrases however, Plaintiff denies that any of these statements are true or accurate and Plaintiff denies any implication that she required the PIP in the first place. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

12. Plaintiff admitted that she did not always meet her deadlines to create files or communicate with clients. Ex. E at 48 (Fowler Dep. at 176:17-177:21, 178:10-179:2).

**PLAINTIFF'S RESPONSE: Plaintiff denies this statement and points out that ECF Doc 58-7, Def. Ex. E at 48 does not support this statement in any way. In fact, Plaintiff continued to explain in her deposition that she did meet deadlines and when priority shifted to take care of a person, the priority of finishing the competition of files would be implied extended. Further, Plaintiff denies any assumption that she was required to complete these files in a specific time-frame, as the task priorities often shifted, varied, and were ambiguous. See ECF Doc 58-7, Def. Ex. E at 48-49 (Fowler Dep. at 176:17-177:21, 178:10-179:2, 180:1-22, 181:1-22, 182:1-22, 183:1-22).**

13. Plaintiff admitted that she was aware of licensees "complaining that [she] failed to properly generate . . . placard notification." Id. at 47 (Fowler Dep. 174:6-9).

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as people wanted their licenses, however denies the statement insofar as it implies she did not properly generate their placards. There were multiple reasons the placards were not complete quickly, including mostly reasons unrelated the Plaintiff's individual performance. See ECF Doc 58-7, Def. Ex. E at 47 (Fowler Dep. at 174:1-22, 175:1-22).**

14. On July 16, 2019, Licensing Specialist Karen Jackson sent Plaintiff an email memorializing her and Plaintiff's July 10, 2019 discussion of Plaintiff's 2019 PIP. See Ex. G at 2-17 (Def.'s RPD Response DC_2018-cv-00634-00000026-41).

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as Karen Jackson sent Plaintiff the email shown in ECF Doc 58-9, Def. Ex. G at 2-17, however, Plaintiff denies any implication that Plaintiff should have been on the PIP and Plaintiff denies any implication that any of Ms. Jackson's statements in this email were true or accurate. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

15. Ms. Jackson's July 16, 2019 email outlined Plaintiff's continued failure to meet the goals outlined in Plaintiff's 2019 PIP, and contained supporting explanations and evidence. See id.

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as Karen Jackson sent Plaintiff the email shown in ECF Doc 58-9, Def. Ex. G at 2-17, however, Plaintiff denies any implication that Plaintiff should have been on the PIP and Plaintiff denies any implication that any of Ms. Jackson's statements in this email were true or accurate. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

16. On July 23, 2019, Ms. Jackson sent Plaintiff an email memorializing her and Plaintiff's July 18, 2019 discussion of Plaintiff's 2019 PIP. See Ex. H at 2-17 (Def.'s RPD Response DC_2018-cv-00634-00000042-57).

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as Karen Jackson sent Plaintiff the email shown in ECF Doc 58-10, Def. Ex. H at 2-17, however, Plaintiff denies any implication that Plaintiff should have been on the PIP and Plaintiff denies any implication that any of Ms. Jackson's statements in this email were true or accurate. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

17. Ms. Jackson's July 23, 2019 email outlined Plaintiff's continued failure to meet the goals outlined in Plaintiff's 2019 PIP, and contained supporting explanations and evidence. See id.

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as Karen Jackson sent Plaintiff the email shown in ECF Doc 58-10, Def. Ex. H at 2-17, however, Plaintiff denies any implication that Plaintiff should have been on the PIP and Plaintiff denies any implication that any of Ms. Jackson's statements in this email were true or accurate. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

18. On July 30, 2019, Ms. Jackson sent Plaintiff an email memorializing her and Plaintiff's July 25, 2019 discussion of Plaintiff's 2019 PIP. See Ex. I at 2-4 (Def.'s RPD Response DC_2018-cv-00634-00000059-61.)

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as Karen Jackson sent Plaintiff the email shown in ECF Doc 58-11, Def. Ex. I at 2-4, however, Plaintiff denies any implication that Plaintiff should have been on the PIP and Plaintiff denies any implication that any of Ms. Jackson's statements in this email were true or accurate. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

19. Ms. Jackson's July 30, 2019 email outlined Plaintiff's continued failure to meet the goals outlined in Plaintiff's 2019 PIP, and contained supporting explanations. See id.

**Plaintiff admits this statement insofar as Karen Jackson sent Plaintiff the email shown in ECF Doc 58-11, Def. Ex. I at 2-4, however, Plaintiff denies any implication that Plaintiff should have been on the PIP and Plaintiff denies any implication that any of Ms. Jackson's statements in this email were true or accurate. See above, Plaintiff's response to Def. SUMF #6. See also Pl. Exhibit "A".**

20. On July 31, 2019, Sean Gordy signed Plaintiff's termination notice. Ex. J at 2-5 (2019 Termination Notice).

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as on July 31, 2019, Sean Gordy signed Plaintiff's termination notice, however, Plaintiff denies any implication that the reasons set forth in such termination were true or accurate, and further Plaintiff denies any implication that her termination was justified. The basis for her termination**

was her failure to meet certain PIP requirements, however it was determined that her placement on PIP was wrongful. Plaintiff was wrongfully terminated from her position. See Pl. Exhibit "A", the August 26, 2021 Opinion an Order on Petition for Review; also see ECF 58-7, Def. Ex. E at 50 (Fowler Dep. at 185:3-186:5).

21. The July 31, 2019 notice stated that Plaintiff's removal was her "failure to meet the requirements of [her] PIP, to carry out [her] responsibilities as a Licensing Specialist, as well as [her] failure to assist ABRA customers, and the undue delay in completing [her] assigned caseload." See id. at 3 (2019 Termination Notice).

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as the July 31, 2019 termination notice lists such statements, however, Plaintiff denies any implication that the reasons set forth in such termination were true or accurate, and further Plaintiff denies any implication that her termination was justified. The basis for her termination was her failure to meet certain PIP requirements, however it was determined that her placement on PIP was wrongful. Therefore, Plaintiff was wrongfully terminated from her position. See Pl. Exhibit "A", the August 26, 2021 Opinion an Order on Petition for Review; also see ECF 58-7, Def. Ex. E at 50 (Fowler Dep. at 185:3-186:5).**

22. The July 31, 2019 notice of termination outlined five performance deficiencies that Plaintiff failed to address as a result of her July 2019 PIP. See id. at 3-4 (2019 Termination Notice).

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as the July 31, 2019 termination notice outlined deficiencies, however, Plaintiff denies any implication that the performance deficiencies are true or accurate, and further Plaintiff denies any implication that her termination was justified. The basis for her termination was her failure to meet certain PIP requirements, however it was determined that her placement on PIP was wrongful. Therefore, Plaintiff was wrongfully terminated from her position. See Pl. Exhibit "A", the August 26, 2021 Opinion an Order on Petition for Review; also see ECF 58-7, Def. Ex. E at 50 (Fowler Dep. at 185:3-186:5).**

23. Plaintiff admitted that she was terminated for not passing her 2019 PIP. Ex. E at 50 (Fowler Dep. at 185:3-186:5)

**PLAINTIFF'S RESPONSE: Plaintiff admits that her wrongful termination was based on her not passing her 2019 PIP, which was wrongfully assigned to her. See ECF 58-7, Def. Ex. E at 50 (Fowler Dep. at 185:3-186:5).**

24. On August 1, 2019, Plaintiff filed a claim with the D.C Office of Human Rights which was cross-filed with the EEOC for events that occurred between January 22, 2019, and June 25, 2019. In the claim, Plaintiff stated she was discriminated against in retaliation for complaining in violation of Title VII of the Civil Rights Act of 1964, and she has been retaliated against for the filing of her previous EEOC charge executed on November 30, 2017. See Ex. K at 2-3 (EEOC Charge dated August 1, 2019).

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement.**

25. The 2019 EEOC charge did not specifically mention or complain about Plaintiff's November 2018 suspension, the 2019 PIP, or her 2019 notice of termination. See id.

**PLAINTIFF'S RESPONSE: Plaintiff denies this statement. In her charges, Plaintiff references and states she filed previous complaints, about the unwarranted changes in her job requirements, about her previously filed EEOC charges, and retaliation she has suffered. See ECF Doc. 58-13, Def.'s Ex. K at 2-3 (EEOC Charge dated August 1, 2019).**

26. The 2019 EEOC charge specifically discussed the labeling of Plaintiff's files, the lack of disability accommodation, and her workload. See id.

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as her 2019 EEOC charge does mention those issues, but denies insofar as Defendant is attempting to imply that those were the only issues addressed in the 2019 EEOC charge. See ECF Doc. 58-13, Def.'s Ex. K at 2-3 (EEOC Charge dated August 1, 2019).**

27. On Friday August 9, 2019, Plaintiff applied for FMLA leave via e-mail to ABRA Human Resources Advisor Camille Robinson. See Ex. L at 2-4 (Def.'s RPD Response DC_2018-cv-00634-00000210-12).

**PLAINTIFF'S RESPONSE: Plaintiff admits this statement insofar as she did apply for FLMA; but denies any assertion that this was the first and only application or request for FMLA. See ECF 58-7, Def. Ex. E at 51 (Fowler Dep. at 190:7-22; 191:1-19).**

## PLAINTIFF'S STATEMENT OF DISPUTED FACTS

**1.** Plaintiff was wrongfully terminated by Defendant because her termination was based on her failure to perform PIP requirements, however the PIP requirement was determined wrongful, therefore Defendants were Ordered to reverse Plaintiff's termination and permit her to retire effective February 6, 2020. See ECF 58-7, Def. Ex. E at 8-9 (Fowler Dep. at 19:15-22; 20:1-9).

2. Plaintiff was forced into filing for retirement because she was denied FMLA leave and accommodations and she stated she could have worked into her 70's had it not been for Defendant's wrongful treatment. See ECF 58-7, Def. Ex. E at 8-10, 54-55 (Fowler Dep. at 19:15-22; 23:10-22; 203:1-22; 204:1-17).

**3.** Plaintiff was retaliated against for filing complaints, EEOC charges, and requesting FMLA leave. See ECF 58-7, Def. Ex. E at 12-13 (Fowler Dep. at 34:1-22; 35:1-22; 36:1-22; 37:1-20).

**4.** Plaintiff was treated unfairly and poorly in her workplace. See ECF 58-7, Def. Ex. E at 14 (Fowler Dep. at 41:3-22; 42:1-16); see ECF 58-4, Def. Ex. B at 2-4 (EEOC Charge dated November 30, 2017); see ECF 58-13, Def. Ex. K at 2-3 (EEOC Charge dated August 1, 2019).

**5.** Plaintiff was denied accommodations for her disability and her FMLA was never approved. See ECF 58-7, Def. Ex. E at 51 (Fowler Dep. at 189:3-12; 190:4-6).

**6.** Her FMLA requests were known by several of Defendants employees and her documents sent to several employees, including but not limited to Fred Mooseally, Martha Jenkins, Camille Robinson and Sean Gordy. See ECF 58-7, Def. Ex. E at 51 (Fowler Dep. at 190:7-22; 191:1-19).

**7.** Mr. Gordy physically assaulted and shoved Mrs. Fowler. See ECF 58-7, Def. Ex. E at 35 (Fowler Dep. at 126:15-20; 127:5); and see ECF 58-4, Def. Ex. B at 2-4 (EEOC Charge dated November 30, 2017).

**8.** Plaintiff has been denied advancements and promotions to higher grade levels. Instead, promotions were given to younger employees who only worked for Defendant for 1-2 years and the younger employees were treated more favorably and better than Plaintiff. See ECF Doc 58-4, Def. Ex. B (EEOC Charge dated November 30, 2017); see ECF Doc 58-13 Def. Ex. K at 2-3 (EEOC Charge dated August 1, 2019); and see ECF 58-7, Def. Ex. E at 28 (Fowler Dep. at 97:717).

**9.** Defendants continued to make Plaintiff's job more difficult by placing her on PIP, increasing her workload, moving her case files, and refusing to accommodate her. See ECF Doc

58-4, Def. Ex. B (EEOC Charge dated November 30, 2017); see ECF Doc 58-13 Def. Ex. K at 2-3 (EEOC Charge dated August 1, 2019).

**10.** Defendants inaccurately reported that Plaintiff was arriving late to her shift despite knowing it was her management who stopped her and prevented her from timely clocking-in on those days. See ECF Doc 58-4, Def. Ex. B (EEOC Charge dated November 30, 2017); see ECF Doc 58-13 Def. Ex. K at 2-3 (EEOC Charge dated August 1, 2019).

**11.** Plaintiff was a valued, skilled and outstanding employee with many years of training and experience, from August 17, 1987, until her wrongful termination on October 15, 2019. See ECF 58-4, Def. Ex. B at 2-4 (EEOC Charge dated November 30, 2017).

**12.** Defendants were Ordered to reverse Plaintiff's termination and permit her to retire effective February 6, 2020. See ECF 58-4, Def. Ex. B at 2-4 (EEOC Charge dated November 30, 2017); see ECF Doc 58-13 Def. Ex. K at 2-3 (EEOC Charge dated August 1, 2019).

Respectfully submitted this 13th day of January 2023.

Respectfully submitted,

*/s/ Charles Tucker Jr., Esq*
Charles Tucker, Jr., Esq.
Bar # 993515
The Cochran Firm - Hyattsville
8181 Professional Place, Suite 207
Hyattsville, MD 20785
P: 301-577-1175
Charles@tuckerlawgroupllp.com