UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET FOWLER, *Plaintiff*, v. DISTRICT OF COLUMBIA, *Defendant*. | Civil Action No. 1:18-cv-00634-RDM |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The Court should grant judgment to the District because Plaintiff failed to exhaust her administrative remedies as to her Title VII retaliation claim. Plaintiff does not properly oppose the District's motion for summary judgment with admissible evidence. Instead, Plaintiff relies almost entirely on an administrative ruling from the District's Office of Employee Appeals. Elsewhere, Plaintiff relies on her own deposition testimony explaining—while not denying—the legitimate, non-retaliatory reasons for her termination, much of which is entirely speculative, inadmissible testimony without any adequate foundation. As further demonstrated below, the Court should judgment in favor of the District on all claims.

**I.  Plaintiff's Title VII Retaliation Claim Fails For Her Failure To Properly Exhaust Her Administrative Remedies.**

Plaintiff argues that she exhausted her administrative remedies for her Title VII retaliation claim through a number of methods, none of which qualify. *See* Pl.'s Opp'n at 5-7.

**A.  Plaintiff's 2017 EEOC Charge is Unrelated.**

Plaintiff first references her 2017 EEOC charge, but the Court has already ruled that the claims made in that charge are time-barred. *See* Or. [48] at 12, 14 (granting Defendant's motion

to dismiss all claims related to 2017 right to sue letter as time-barred, but denying Defendant's motion to dismiss with respect to events occurring after October 5, 2018, as encompassed by the 2019 EEOC charge.). Plaintiff also references verbal reports of purported discrimination, and a grievance with the Office of Employee Appeals, *see* Pl.'s Opp'n at 5, but verbal reports and grievances do not operate to exhaust administrative remedies because, before filing a Title VII lawsuit, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Cooper v. Henderson*, 174 F. Supp. 3d 193, 202-203 (D.D.C. 2016) (dismissing plaintiff's claim that her termination was discriminatory where termination was not included in her EEOC charge). The issue of whether or not Plaintiff exhausted therefore hinges on her August 1, 2019 EEOC charge.

  **B.**  <u>**Plaintiff's August 1, 2019 EEOC Charge**</u>

  The alleged retaliatory acts at issue in this lawsuit are Plaintiff's November 2, 2018 proposed suspension, Plaintiff's placement on a performance improvement plan (PIP) on June 28, 2019, and her July 31, 2019 proposed termination. *See* Third Am. Comp. at ¶¶ 51, 52. These are the only employment actions Plaintiff alleges to be retaliatory for her purported protected activity. *See id.* Plaintiff's August 1, 2019 EEOC charge provides the date range of January 22, 2019 to June 25, 2019. *See* Def.'s SUMF ¶ 24, Ex. K. Because the viable retaliatory acts occurred outside the timeframe provided in the charge, Plaintiff did not properly raise them and thus has not properly exhausted. *See Cooper*, 174 F. Supp. 3d at 202-203. More importantly, though, Plaintiff failed to exhaust because her charge—date range aside—makes no mention to the proposed suspension, placement on a PIP, or proposed termination. *See* Def.'s SUMF ¶ 24, Ex. K. The Supreme Court has held unequivocally that each new discrete retaliatory or discriminatory act gives rise to an employee's obligation to file charges before the EEOC.

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-111 (2012) (holding that statutory requirement that claimant file a charge with the EEOC as to the "employment practice" at issue applies to each discrete employment act or occurrence at issue).

      Plaintiff's August 2019 charge only lists retaliatory employment actions that are not actionable, specifically the marking of her cases with the initials "MF" instead of the initials "MGF," and having her case files taken and moved.  *See* Def.'s SUMF ¶ 24, Ex. K.  These are not actionable because an adverse employment action must "materially affect . . . the terms, conditions, or privileges of employment . . . such that a reasonable trier of fact could find objectively tangible harm."  *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009).  An adverse employment action must be "significant," otherwise courts would be embroiled in "judicial micromanagement of business practices" and "frivolous suits over insignificant slights."  *Lurensky v. Wellinghoff*, 167 F. Supp. 3d 1, 16 (D.D.C. 2016) (quoting *Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1556 (D.C. Cir. 1997) and *Russell v. Principi*, 257 F.3d 815, 818 (D.C. Cir. 2001)).

      Plaintiff's Opposition notes a laundry list of other employment actions alleged to have been retaliatory, including the removal of documents from her desk, the failure to provide her explanations, overseeing her work, mistreating her, filing false reports against her, preventing her from signing in timely and then accusing her of being late, mischaracterizing her, disregarding her verbal complaints of mistreatment, treating younger employees more favorably, screaming and physically threatening her and her male supervisor physically assaulting her, denial of unidentified opportunities for promotions, denial of leave and being suspended.  *See* Pl.'s Opp'n at 6.  Plaintiff accuses the District of "attempting to skim over all of these other acts," but it is actually Plaintiff who has skimmed over them.  Her Third Amended Complaint does not identify

any of them as a retaliatory act, and Plaintiff only referenced the moving of her files—which is not an actionable retaliatory act—in her August 2019 EEOC charge. *See* Third Am. Comp. at ¶¶ 51, 52; *see also* Def.'s SUMF ¶ 24, Ex. K. Because Plaintiff failed to exhaust her administrative remedies for the retaliatory acts at issue in her Title VII retaliation claim—and her laundry list of other grievances are not actionable—the Court should grant judgment to the District on Count I.

        **C.**      ***Ivey* Does Not Excuse Plaintiff's Deficient EEOC Charge.**

Plaintiff's reliance on *Ivey v. District of Columbia*, 949 A.2d 607 (D.C. 2008) is inapt. *Ivey*, and the cases referenced in the opinion, concern claimants adding theories of liability not raised within their EEOC charges. *See id.* at 615-616. The *Ivey* court found that the plaintiff had exhausted, despite not including her new personal appearance discrimination claim within her EEOC charge because her charge "alleged all of the facts necessary to make out a claim under the DCHRA." *See id.* The plaintiff in *Ivey* had alleged in her charge that her supervisor harassed her on the basis of her obesity—i.e., that she was treated differently based on her personal appearance. *See id.* Here, by contrast, Plaintiff failed to reference the employment actions at issue, her November 2, 2018 proposed suspension, her placement on a performance improvement plan (PIP) on June 28, 2019, or her July 31, 2019 proposed termination, within her charge. *See* Def.'s SUMF ¶ 24, Ex. K. As Plaintiff here attempts to add facts in the way of new employment actions, as opposed to a new legal theory based on facts previously alleged, *Ivey* does not apply.

At a minimum, Title VII claims must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination. *See Park v. Howard Univ.,* 71 F.3d 904, 907 (D.C. Cir. 1995). Here, there was no administrative investigation into the retaliatory acts alleged in Plaintiff's Third Amended Complaint—Plaintiff's November 2, 2018

4

proposed suspension, Plaintiff's placement on a performance improvement plan (PIP) on June 28, 2019, and her July 31, 2019 proposed termination—because they were nowhere referenced within her EEOC charge. *See* Def.'s SUMF ¶ 24, Ex. K. Because Plaintiff failed to exhaust her administrative remedies for the retaliatory acts at issue in her Title VII retaliation claim, the Court should grant judgment to the District on Count I.

## II. Plaintiff Cannot Prove A Prima Facie Case of Retaliation Under Either Title VII (Count I) or FMLA (Count III).

### A. Title VII Retaliation

Should the Court find that Plaintiff properly exhausted her administrative remedies for her Title VII retaliation claim, it should nonetheless grant judgment for the District because Plaintiff cannot prove causation—a critical element of her claim. *See Holcomb v. Powell*, 433 F.3d 889, 901-02 (D.C. Cir. 2006). Plaintiff cites no evidence of a causal link between Plaintiff's protected activity and any of the remaining employment actions at issue; she merely argues that she was treated poorly after engaging in protected activities. *See* Pl.'s Opp'n at 8. First, Plaintiff's vague description of purported poor treatment, completely lacking in any specifics or dates, and describing unactionable events—like the moving of her files, being asked to perform additional tasks, and "having her character questioned,"—does not create any genuine issue of material fact for a jury. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant, or unnecessary, will not be counted. *See id.*

Here, where Plaintiff's Third Amended Complaint references only her November 2, 2018 proposed suspension, her placement on a performance improvement plan (PIP) on June 28, 201,9 and her July 31, 2019 proposed termination as alleged retaliatory acts in support of Count I, and

5

the Court has limited Plaintiff's remaining claims to events occurring after October 5, 2018, reference to other, unrelated employment actions, especially without dates, does not warrant denial of judgment in the District's favor.

Moreover, Plaintiff fails to address the District's argument that Plaintiff may not rely on temporal proximity, alone, to establish any causal link. *See generally* Pl.'s Opp'n. Plaintiff's opposition makes plain that temporal proximity is all she relies on, arguing that after engaging in protected activity "she was then treated very poorly." *See id*. at 8. However, Plaintiff alleges she engaged in protected activity between 2013 and March 20, 2018, the date of her filing this lawsuit. *See* Third Am. Comp. at ¶¶ 39- 47. Unfortunately for Plaintiff, the two temporally closest dates, the March 20, 2018 filing of this lawsuit, and the November 2, 2018 notice of proposed suspension, are nearly eight months apart. *See* Def.'s SUMF ¶ 4. None of Plaintiff's viable employment actions occurred within three months of her protected activity. *See Willingham v. Gonzales*, 391 F. Supp. 2d 52, 61 (D.D.C. 2005) (the D.C. Circuit "has often followed a three-month rule to establish causation on the basis of temporal proximity alone."). The Court should therefore grant judgment to the District on Plaintiff's Title VII retaliation claim.

B. **FMLA Retaliation**

In its Motion, the District argued it was entitled to judgment on Count III because Plaintiff's termination had been initiated before she sought FMLA leave, thus her FMLA retaliation claim was not viable. *See* Def's Mot. Summ. J. [58] at 7-8. In response, Plaintiff asserts that she told ABRA Director, Fred Moosally, in June 2019, about her desire to use FMLA leave, before her supervisor, Sean Gordy, initiated termination proceedings, and two months before she applied for FMLA leave. *See* Pl.'s Opp'n at 8-9. There is no evidence to substantiate

this claim.  Plaintiff inappropriately cites to her Third Amended Complaint, which is not admissible evidence and cannot support her opposition to summary judgment.  *See* Fed. R. Civ. P. 56(c)(1)(B) (providing that summary judgment movant may demonstrate a fact cannot be disputed by showing that the adverse party cannot produce admissible evidence to support the fact).

While Plaintiff also cites to her deposition testimony, review of the testimony shows that Plaintiff testified that Mr. Moosally and Mr. Gordy were aware of her application, not that she apprised them of her desire to take protected leave months earlier.  *See* Def's Mot. Summ. J. [58], Ex. E at 189-192.  Plaintiff's testimony does not establish when she told either anything concerning her use of FMLA leave.  *See id.*  Plaintiff's testimony in this regard is entirely speculative and premised largely on the fact that Mr. Gordy is purportedly friends with the human resources officer to whom Plaintiff submitted her application.  *See id.* at 190:20-191:2.  Plaintiff has no personal knowledge of whether, or if so when, Mr. Moosally or Mr. Gordy were aware of her FMLA application, and there is no record evidence to support her speculative claim.  *See* Fed. R. Civ. P. 56(c)(4); *see also Service Employees Int'l Union Nat'l Industry Pension Fund v. Jersey City Healthcare Providers, LLC*, 358 F. Supp. 3d 12, 26 (D.D.C. 2019) (concluding that a declaration submitted in opposition to a summary judgment motion did not establish a genuine factual dispute when the declarant lacked personal knowledge of the facts attested to and the party relying on the declaration provided no documentation to support his statements).  It is undisputed that Plaintiff applied for FMLA leave after her termination was initiated.  *See* Def.'s SUMF ¶27.  Law and common sense prescribe that when a protected activity *follows* an adverse employment action, that protected activity cannot be the cause of the adverse action.  *See Carter v. Greenspan*, 304 F. Supp. 2d 13, 30 (D.D.C. 2004) (citing *Trawick*

7

*v. Hantman*, 151 F.Supp.2d 54, 63 (D.D.C. 2001), *aff'd*, No. 01–5309, 2002 WL 449777 (D.C. Cir. Feb 21, 2002)).  The Court should therefore grant judgment to the District on Plaintiff's FMLA retaliation claim.

**III.     The District Had Legitimate, Non-Retaliatory Reasons For Its Employment Actions; and Plaintiff Cannot Prove Pretext.**

Plaintiff cites no evidence, and instead conclusively argues that the District has "presented no legitimate, non-retaliatory reason or explanation for [its] adverse employment actions."  *See* Pl.'s Opp'n at 9-10.  To the contrary, the District moved for summary judgment submitting contemporaneous record evidence that Plaintiff arrived late for work, displayed a blatant disregard for performance goals, failed to submit cases to management for consideration, failed to respond to management and applicant requests for file access, failed to properly input data into the case management system, and failed to timely submit monthly reports and accompanying documents, among other reasons.  *See* Def.'s SUMF ¶¶ 4-19.  Plaintiff did not submit any record evidence to oppose these assertions; instead, she points only to an administrative ruling from the District's Office of Employee Appeals.  *See* Pl.'s Responses to Def.'s SUMF.  That ruling, however, is not admissible evidence with which to sufficiently oppose summary judgment on the claims before this Court.  *See* Fed. R. Civ. P. 56(c)(1)(B).  The ruling is hearsay which cannot properly support an opposition to summary judgment.  *See Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) ("Because Geer's evidence about Carter's statement is sheer hearsay, it counts for nothing at summary judgment.").  More importantly, the ruling is premised on the execution of Plaintiff's performance improvement plan and not any finding that any of the legitimate, non-retaliatory reasons supporting Plaintiff's performance improvement plan were inaccurate or disputed.  *See* Pl.'s Responses to Def.'s SUMF, Ex. A.

Plaintiff also argues, without submitting any evidence, that she was not late for work but simply signed in late because her supervisors prevented her from signing in timely. *See* Pl.'s Opp'n at 10. Because Plaintiff submits no evidence supporting this contention, it does not create a genuine issue of disputed material fact. *See* Fed. R. Civ. P. 56(c)(1)(B). Moreover, Plaintiff plainly and unequivocally testified that she was occasionally late for work. *See* Def.'s SUMF ¶ 5.

Plaintiff, again without submitting any evidence, also argues that she was treated to harsher penalties than younger employees for similar performance deficiencies. *See* Pl.'s Opp'n at 10. However, Plaintiff identifies no such employee, and submits no support for her vague, but bold, assertion. This is certainly not enough to establish pretext. *See Santa Cruz v. Snow*, 402 F. Supp. 2d 113, 125-26 (D.D.C. 2005) (holding that, in evaluating whether plaintiff and purported comparators were similarly situated, the nature of the offenses committed and the punishments imposed are the most significant variables in a case alleging discrimination in connection with disciplinary actions); *see also Lynn v. Deaconess Med. Ctr.*, 160 F.3d 484, 488 (8th Cir. 1998) (explaining that, for plaintiff to prove that she and comparators were similarly situated, plaintiff must demonstrate that the comparators were charged with offenses of comparable seriousness).

Plaintiff finally argues, without submitting any documentation or performance evaluation, that she was considered a "valued performed for approximately 30 years." *See* Pl.'s Opp'n at 10. As with Plaintiff's other arguments contesting the District's legitimate, non-retaliatory reasons for its employment actions, and her apparently attempt to prove pretext, Plaintiff's unsubstantiated characterization of her employment record, without more, cannot defeat summary judgment. The Court should therefore grant judgment in the District's favor.

**IV.     Plaintiff Does Not Have A Viable FMLA Interference Claim.**

Finally, Plaintiff claims the District waived any argument as to Plaintiff's FMLA interference claim, and thus the claim should proceed. *See* Pl.'s Opp'n at 11. But Plaintiff has no viable claim for FMLA interference. *See* Ord. [48] at 18 (granting Defendant's motion to dismiss Plaintiff's FMLA interference claim.).

## CONCLUSION

For these reasons, along with those in the District's Motion for Summary Judgment, the Court should grant the District's motion and enter judgment for the District on all remaining claims.

Date:  February 7, 2023

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Interim Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Alex Karpinski*
ALEX KARPINSKI [982184]
Assistant Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone:  (202) 442-9866
Fax:  (202) 715-7725
Email:  alex.karpinski@dc.gov

*Counsel for Defendant District of Columbia*